UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

|  |  |
|---|---|
| YE BATHILY,<br>　　　　　　Plaintiff,<br><br>　　　　v.<br><br>SILGAN DISPENSING SYS., LLC<br>　　　　　　Defendant. | )<br>)<br>)<br>)<br>)　　No. 1:20-cv-00389-MSM-LDA<br>)<br>)<br>)<br>) |

MEMORANDUM AND ORDER

Mary S. McElroy, United States District Judge.

　　Ye Bathily ("Bathily") is a black Muslim woman originally from Mali, all characteristics relevant to her Complaint. She worked as an assembler at Silgan Dispensing Systems, LLC ("Silgan") for five years until she resigned on July 30, 2018, contending that the workplace had become so pervasively hostile that she was constructively discharged. She received a Right to Sue letter from the Rhode Island Human Rights commission and filed this action claiming, under 42 U.S.C. §§ 2000e to 2000e-17 (1982) ("Title VII" of the Civil Rights Act of 1964), the Rhode Island Civil Rights Act ("RICRA") and the Rhode Island Fair Employment Practices Act ("RIFEPA"), that she was a victim of discrimination based on race, religion and national origin.

Silgan has moved for summary judgment pursuant to Fed. R. Civ. P. 56(a). (ECF No. 13.) Both parties have filed portions of depositions and affidavits; the Plaintiff filed a Statement of Disputed Facts (ECF No. 19) to which the defendant responded (ECF No. 21).

The Court has reviewed all the material filed, as well as the memoranda of the parties, to determine whether there exists a genuine dispute of material fact. "A dispute is genuine if the evidence about the fact is such that a reasonable jury could resolve the point in the favor of the non-moving party. A fact is material if it carries with it the potential to affect the outcome of the suit under the applicable law." *Santiago–Ramos v. Centennial P.R. Wireless Corp.*, 217 F.3d 46, 52 (1st Cir. 2000) (quoting *Sanchez v. Alvarado,* 101 F.3d 223, 27 (1st Cir. 1996)). "If the evidence presented 'is subject to conflicting interpretations, or reasonable [people] might differ as to its significance, summary judgment is improper.'" *Gannon v. Narragansett Elec. Co.*, 777 F. Supp. 167, 169 (D.R.I. 1991) (quoting 10A Charles A. Wright, Arthur R. Miller & Mary K. Kane, *Federal Practice & Procedure,* § 2725, at 106-09 (1983).

To maintain an action based on constructive discharge because of a hostile work environment, the plaintiff must show "that the complained-of conduct was so severe or pervasive that it altered the terms or conditions of her employment." *Pomales v. Celulares Telefonica, Inc.,* 447 F.3d 79, 83 (1st Cir. 2006). It must be more than "upsetting" and have risen to the level of "abusive." *Maldonado-Catala v. Municipality of Naranjito*, 876 F.3d 1, 10-11 (1st Cir. 2017). It must be such that the decision to resign was "void of choice or free will." *Meuser v. Federal Express Corp.*,

564 F.3d 507, 521-22 (1st Cir. 2009). In addition, the plaintiff must show a causal link to discrimination: that the harassment stemmed from an impermissible motivation. *Maldonado-Catala*, 876 F.3d at 10. Finally, to show Silgan's liability for harassment by other employees, Bathily must show that Silgan (a) knew or should have known of the harassing conduct; and (b) failed to implement prompt and appropriate action. *Crowley v. L.L. Bean, Inc.*, 303 F.3d 387, 401 (1st Cir. 2002).

The plaintiff has produced sufficient evidence to sustain an action, and the defendant has raised sufficient issues of genuine dispute as to require denial of summary judgment. The plaintiff has, first, recounted what she contends were pervasive, repetitive, persistent comments of a mocking nature by fellow employees referring directly to her religion and African heritage. She also put forth evidence of a near-constant practice of harassment in the cafeteria, consisting of pushing and taunting about her Muslim diet. She cited instances of what she claimed was deliberate inattentiveness to her work-related needs, denying her prompt repair of her equipment and denying her the supplies that were required for her to be productive. The alleged harassment was both subjectively offensive and of such a nature as to be objectively so as well. Thus, Bathily has presented ample evidence of the kind of oppressive persistent discrimination-based action by fellow employees that would make the workplace so hostile as to justify her resignation.

On Silgan's part, it agrees it was aware of many if not all these allegations and concedes awareness of at least one occurrence which it termed a misunderstanding between Bathily and another worker. A meeting was held at which Bathily, with her

daughter translating, listed events and instances of taunting and harassment. A supervisor allegedly witnessed one incident. Silgan proffers factual and non-discriminatory explanations for what appeared to Bathily to be unresponsiveness to her equipment and supply needs. And it claims that it thoroughly investigated each of Bathily's allegations and failed to find evidence to support them. Bathily disputes the extent of Silgan's investigations and insists that she was never contacted by anyone purportedly investigating. Moreover, Silgan maintains that the instances reported were isolated and non-pervasive.

There are genuine issues of material fact presented by the parties, particularly concerning whether the instances of apparent discriminatory behavior were pervasive or isolated, the extent of the investigation Silgan did into Bathily's complaints and whether its response(s) were reasonable. These are all jury questions.

Therefore, the defendants Motion for Summary Judgment (ECF No. 13) is DENIED.

IT IS SO ORDERED:

_____
Mary S. McElroy,
United States District Judge

July 19, 2022